IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL REICH ) | Case No.: 09-CR-60097-PCH |
| ) | |
| Defendant. ) | |
| _____) | |

**VIA FEDERAL EXPRESS**
**AND ELECTRONIC FILING**

The Honorable Paul C. Huck
United States District Judge
James Lawrence King Federal Justice Bldg.
Courtroom 6, 10th Floor
Miami, Florida 33132

SENTENCING MEMORANDUM

COMES NOW the Defendant, MICHAEL REICH, by and through undersigned counsel, and hereby files this Sentencing Memorandum. On April 29, 2009, Mr. Reich entered a guilty plea pursuant to a plea agreement to Count One (1) of the Information, which charges that the defendant did knowingly and intentionally combine, conspire, confederate, and agree with persons know and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(D), it is further alleged that the controlled substance consisted of at least one kilogram or more of

anabolic steroid powder, a Schedule III narcotic. Mr. Reich's sentencing is scheduled for **Wednesday, July 29, 2009 at 1:00 p.m.**

## I. INTRODUCTION

Michael Reich is a thirty-one (31) year old adult male, living alone in Coral Springs, Florida. He has no previous criminal history. This memorandum is intended to address the relevant sentencing factors for the Court to consider in setting a reasonable sentence pursuant to 18 U.S.C. § 3553(a). Mr. Reich respectfully requests that this Court, in its discretion and authority, impose a non-guideline sentence and shows as follows in support thereof.

## II. CONSIDERATION OF THE UNITED STATES SENTENCING GUIDELINES

The Sentencing Guidelines range for Mr. Reich is calculated at 30-37 months based upon a total adjusted offense level of 19 (PSR ¶¶ 14-23) and a criminal history category level of I (PSR ¶ 26). [1] This determination is consistent with the total adjusted offense level calculation as per the language in the plea agreement.

## III. CONSIDERATION OF THE 18 U.S.C. § 3553(a) FACTORS IN FASHIONING A REASONABLE SENTENCE

Mr. Reich's sentence should be "sufficient, but not greater than necessary" for the purposes of retribution ("to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense"), deterrence ("to afford adequate

---

[1] The PSR calculates the sentencing guidelines at a Total Offense Level 19 based on a 3-level adjustment for Acceptance of Responsibility (including the Government's motion under §3E1.1 (b)).  Mr. Reich is an individual with a Criminal History Category of 1; therefore the applicable range of imprisonment under the guidelines is 30 to 37 months.

2

deterrence to criminal conduct"), incapacitation ("to protect the public from further crimes of the defendant"), and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). 18 U.S.C. § 3553(a). In determining a sentence minimally sufficient to accomplish these purposes, the Court must consider the "nature and circumstances of the offense and the history and characteristics of the defendant;" "the kinds of sentence available;" the Sentencing Guidelines; the need to avoid unwarranted sentencing disparity; and the need to provide restitution where applicable. 18 U.S.C. § 3553(a). The directive of U.S. v. Booker, 543 US 220, 125 S.Ct. 738, 2005 WL 50108, 2005 U.S. Lexis 628 (2005) and § 3553(a) make clear that the sentencing courts may no longer uncritically apply the guidelines and only depart in the "unusual" case or in the "out of heartland" case. As the Court is aware, Federal judges now have the flexibility to apply their experience and wisdom to fashion sentences in accordance with the well recognized pre-guideline principle of "individualized sentencing."[2] Therefore, (while we advance certain identified bases for downward departure or mitigation within the guidelines, which if appropriate should be granted, we nonetheless recognize) it is no longer necessary to achieve and or obtain an identified downward departure in order for a non-custodial sentence to be imposed.[3]

Under §3553(a) a sentencing court must consider the "history and characteristics of the defendant." But under the guidelines, courts formerly could not consider certain factors which were identified as not "ordinarily relevant" to sentencing. Post Booker,

---

[2] The Seventh Circuit in its post Booker interpretation U.S. v. Demeree, 459 F 3d 791, 795 (7th Cir. 2006) held that the "choice of sentence, whether inside or outside the guideline range, is discretionary"

[3] Where an individual's history and characteristics are mitigating and or positive in regard to the evaluation of a sentence they must control, and provide for a sentence outside and lower than the guidelines might call for, even without arising to the level of a downward departure.

3

this artificial divide ceases to exist and sentence reductions formerly classified as "downward departures" become an integral part of the sentencing matrix. The Court is no longer constrained by an artificial divide between "encouraged," "discouraged," and "prohibited" factors in fashioning a sentence as defined in the United States Supreme Court's decision in Koon v. United States, 518 U.S. 81 (1996). [The Koon decision reminded district courts that the Sentencing Reform Act did not (even then) eliminate the district court's traditional sentencing discretion. The guidelines allow for departures from the guideline range if the court finds "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration" by the guidelines. 18 U.S.C. §3553(b).]

Subsequent to Booker, in Gall v. United States, 552 U.S. ___, 2007 WL 4292116 (Dec. 10, 2007), the United States Supreme Court rejected an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the sentencing guidelines range. The Court makes clear that so long as the District Court considers the §3553(a) factors and supports an outside Guidelines sentence with a rationale supported by the record, the imposed sentence should stand.[4]

Once all the factors are properly considered, the just and appropriate sentence is one that is sufficient, but not greater than necessary. 18 U.S.C. §3553(a). Based on these factors and considerations, Mr. Reich respectfully urges the court to impose a variance (non-guideline sentence) to the extent necessary in order to impose a non-custody sentence.

---

[4] See also, Kimbrough v. United States, 552 U.S. ___, 2007 WL 4292040 (Dec. 10, 2007) which addresses the unfairness of the 100 to 1 crack cocaine ratio and allows judges to impose lower sentences based on said unfairness.

4

### A. To Avoid Disparity in Sentencing

The Defense would like to offer the following cases as instructive case examples, as they are analogous in facts and circumstances to the case of Mr. Reich.  The defense respectfully offers – *U.S. v Brian Birk* (07-CR-311-1, No. Dist., Ill.), *U.S. v. Michael Schlanger* (JFM-06-0419, Northern Div., Maryland) and *U.S. v. Jimmy Ray Jones*, *U.S. v. Dana Fiscus* and *U.S. v. Kyle Bredl*, (CR 07-66-M-DWM; Dist. of Montana) – as instructive case examples.  The defense believes that the facts and circumstances of Mr. Reich's case are analogous to these cases in that it is a high-volume trafficking case, based on quantity, where the defendant is "maxed out' under the federal sentencing guidelines for steroid offenses, at a Level 20.  This is not uncommon for steroid offenses following the 2006 amendment to the Federal Sentencing Guidelines, which resulted in a 20- to 50-fold increase in the way that a unit is quantified for steroid trafficking purposes. In terms of methodology of this case, it is not unlike the standard methodology used in the majority of steroid trafficking cases. Unlike street-level drug trafficking, anabolic steroid trafficking is primarily Internet based. Currently, the raw materials are most often imported from foreign countries in powder form, as they were in this case, and are converted into liquid steroids. A label is affixed to the bottles featuring the name of an "underground laboratory" and the drugs are sold over the Internet. Payment for raw materials and finished product is often made using some type of "assumed name," through payment processors like Western Union or Moneygram.  Often one or more individuals are involved in the operation, either by receiving money or by sending or receiving packages.

In the case of *U.S. v Brian Birk* (07-CR-311-1, No. Dist., Ill.), Mr. Birk's conduct and circumstances were very similar to that of Mr. Reich. Mr. Birk was also importing raw materials from China, converting the powders into liquids and labeling them with the name of his "lab." Like Mr. Reich, Mr. Birk also had other participants involved in his operation, namely his fiancée. Mr. Birk's adjusted total offense level was a Level 21, which corresponds to a 37 to 46 month sentence. Mr. Birk ultimately received a 30 month sentence, which was a non-guideline sentence, a "variance" below the applicable guideline range. He did not get a reduction for safety valve and there was no substantial assistance.

*U.S. v. Michael Schlanger* (JFM-06-0419, Northern Div., Maryland) is another analogous case which we offer to the Court as instructive. Mr. Schlanger was maxed out (Level 20 based on quantity) under the applicable guidelines and was trafficking steroids primarily over the Internet, using the same methodology as was previously mentioned. Anabolic steroids were imported from overseas, paid for using a money transfer service and trafficked to customers across the country. The *Schlanger* case in particular is significant, in that the Court chose not to impose the applicable guideline sentence in the 37 to 46 month range but instead gave the defendant a sentence of home confinement (*without* electronic monitoring) and probation. Mr. Schlanger's conduct was nearly identical to that of Mr. Reich. At sentence, the Judge stated on the record that the Court was not in any way condoning steroid trafficking or Mr. Schlanger's conduct, but recognized that like a lot of these steroid traffickers, Mr. Schlanger began as a bodybuilder and by using steroids himself. He became indoctrinated into the steroid culture and then began by selling to a small group of like-minded associates, which

spilled over ultimately into high volume steroid trafficking. This is not unlike the story of Mr. Reich.

While the Defense acknowledges that Mr. Schlanger's sentence was somewhat of an aberration, it is equally important to note that it is not unprecedented. We respectfully direct the Court's attention to *U.S. v. Jimmy Ray Jones*, *U.S. v. Dana Fiscus* and *U.S. v. Kyle Bredl*, (CR 07-66-M-DWM; Dist. of Montana), where the judge sentenced each of these three co-conspirators to a below-guideline sentence of 5 years probation. These cases were associated with Operation Raw Deal and are analogous to Mr. Reich's case in terms of the nature of the offense, the charges, and the quantities involved. The mitigating factors considered by the judge in the *Jones* case included the extremely poor physical and mental health of only one co-conspirator, Mr. Jones. While the presence of these §3553 factors were relevant and significant to the sentencing of Mr. Jones, they were *not* directly relevant or even applicable to Mr. Fiscus or Mr. Bredl. Nevertheless, the Court chose to sentence each of the co-defendants to a non-guideline, *non-custodial* sentence.

Although the aforementioned cases involved defendants who received sentences of little to no incarceration, the cases are analogous to Mr. Reich's case in terms of the charges, the nature of the offense, the quantities involved and the prior criminal history category.

### B. Kinds of Sentences Available

(1) Probation

Probation is a sentence sufficient, but not greater than necessary, to achieve the sentencing goals pursuant to 18 U.S.C. § 3553(a) and in light of the Sentencing

Guidelines. Mr. Reich was released on bond subject to pretrial supervision and has complied with all pretrial supervision conditions during his release without incident. That he has complied with all pretrial conditions illuminates his ability to comply with probation and any conditions thereon.

### (2) Alternatives to Prison

Should the Court decline to sentence Mr. Reich to a period of probation, he respectfully requests that this Court consider alternatives to prison including, but not limited to, community confinement (Community Corrections Center or halfway house), home detention, and/or intermittent confinement. *See* U.S.S.G. § 5B1.3(e).

### (3) Voluntary Surrender

Should the Court sentence Reich to a period of custody in prison, he respectfully requests that in lieu of being taken into custody immediately at sentencing, that he be permitted to continue to remain on bond subject to pretrial supervision until being notified by the Bureau of Prisons as to his designation and report date. As set out above, Mr. Reich has complied with all pretrial supervision conditions during his release and is in the final months of the Spring semester.

## IV. CONCLUSION

Courts must not only look to individual factors when sentencing but must as well consider the *combination* of circumstances. For example, in Koon supra, the Supreme Court recognized, that the trial court granted a "departure based on a combination of four factors", and that the trial court "concluded these factors justified a departure when taken

together, although none would have been sufficient standing alone." Koon, 518 U.S. 81, at 90; Lexis at 16-17.

Since Koon, the Sentencing Commission in their commentary to 5K2.0 (Grounds for Departure) wrote:

> The Commission does not foreclose the possibility of an extraordinary case that, because of a combination of such characteristics or circumstances, differs significantly from the "heartland" cases covered by the guidelines in a way that is important to the statutory purposes of sentencing, even though none of the characteristics or circumstances individually distinguishes the case.

And see, United States v. Rioux, 97 F.3d 648, 663 (2d. Cir. 1996) (recognizing the authority to downwardly depart for a combination of factors or circumstances.); and U.S. v. Fermin, 252 F.3d 102 (2nd Cir. 2001)

Michael Reich is a nonviolent and peaceful individual. His intense guilt, extraordinary remorse and rehabilitative efforts make him an unlikely recidivist. U.S. v. Gaskill, 991 F.2d 82 (3d cir. 1993) and U.S. Monaco, 23 F.3d 793 (3d Cir. 1994) recognized that where a defendant is a nonviolent offender and where a small departure would permit a sentence of other than incarceration, it should be more generously considered. It is submitted that based upon the facts and circumstances of this case, Michael Reich is out of the "heartland" of the sentencing reform act guidelines.

> Mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission is formulating the guidelines that should result in a sentence different form that described. (18 U.S.C. 3553(b))

We ask the Court to consider this memorandum along with the arguments to be made at the time of sentence. Respectfully, it is urged that this Court fashion and impose

9

a non-guideline sentence that will permit these circumstances to continue and occur uninterrupted, or with a minimum term of absence from his family.

Respectfully submitted, this 27th day of July, 2009.

By Counsel

/s Frank M. Townsend_____
Amy S. Tingley, Esquire
Florida Bar No: 0068871
Frank M. Townsend, Esquire
Florida Bar No: 785911
Stovash, Case & Tingley, P.A.
Sun Trust Center
200 S. Orange Avenue, Suite 1220
Orlando, Florida 32801
Phone: (407) 316-0393
Fax: (407) 316-8969

Richard D. Collins, Esquire
Pro Hac Vice
Collins, McDonald & Gann, P.C.
138 Mineola Blvd.
Mineola, New York 11501
Phone: (516) 294-0300
Fax: (516) 294-0477

Attorneys for Michael Reich

CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing pleading using the CM/ECF system which will automatically send email notification of such filing to opposing counsel.

Dated: July 27, 2009

/s Frank M. Townsend
Frank M. Townsend